# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CLIFF DeTEMPLE,
d/b/a TURNING POINT SYSTEMS GROUP

      Plaintiff,

  v.                                     Case No. 08-CV-281

LEICA GEOSYSTEMS, INC.,

      Defendant.

_____

## ORDER

Plaintiff Cliff DeTemple ("DeTemple") seeks to stay proceedings in the action he filed against defendant Leica Geosystems, Inc. ("Leica") asserting claims for violations of the Wisconsin Fair Dealership Law. DeTemple seeks a stay because he is a reservist in the United States Coast Guard and was called into active duty beginning on April 6, 2009. DeTemple asserts that his current assignment materially affects his ability to prosecute the action because it prevents him from meeting with counsel and potential witnesses to develop strategy in his case and prevents him from attending depositions. The court will grant DeTemple's motion to stay the proceedings.

Under Title 50, United States Code Appendix, Section 522, a court may grant a stay of proceedings in a civil action involving an active service member as a party. Application for such a stay requires the service member to include the following: a) a communication setting forth the manner in which the service member's current duty materially affects his or her ability to appear and stating a date when he or she

will be available; and b) a communication from the service member's commanding officer stating that current duty prevents his or her appearance and that leave is not authorized. 50 U.S.C.S. Appx § 522(b)(2). DeTemple has fulfilled the application requirements by filing a declaration in which he makes the necessary assertions and by filing a letter from his commanding officer, Captain Richard Kaser, stating that DeTemple is on active duty and his unpredictable duty schedule prevents DeTemple from committing to particular dates for the proceedings. (DeTemple Decl., Docket #39). The court notes, however, that Captain Kaser filed an additional letter with the court one week later, clarifying that DeTemple's active duty may last from two to six months and that he may be able to obtain leave for proceedings in the lawsuit if he provides at least two weeks notice to the United States Coast Guard. (Kaser Suppl., Docket #43, Attachment #1). This second letter raises some question regarding whether DeTemple's duty will materially affect his ability to prosecute his case.

Regardless, the court finds that a stay of the proceedings is appropriate. The court credits DeTemple's claim that his active duty presents obstacles to effective prosecution of the case, despite Captain Kaser's letter stating that DeTemple "may" be available if given sufficient notice. Further, Leica does not oppose DeTemple's request for a stay. (Leica Resp. Mot. Stay 2-3). Therefore, granting a stay is a prudent exercise of the court's discretion because it poses no prejudice to the defendant and avoids any risk that prosecution of DeTemple's lawsuit will suffer because of his service to our nation.

The court will grant a stay of further proceedings, however, the court will not stay issuance of a decision on Leica's pending motion to dismiss. The motion was fully briefed prior to commencement of DeTemple's active duty on April 6, 2009. Therefore, the court sees no reason to delay its decision on this matter.

Accordingly,

**IT IS ORDERED** that DeTemple's motion to stay proceedings (Docket #37) be and the same is hereby **GRANTED**; the proceedings are stayed until **October 15, 2009**, or until DeTemple notifies the court that his period of active duty is complete, whichever occurs first.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge