# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CLIFF DeTEMPLE,
d/b/a TURNING POINT SYSTEMS GROUP

                    Plaintiff,

      v.                                               Case No. 08-CV-281

LEICA GEOSYSTEMS, INC.,

                    Defendant.

_____

## ORDER

Plaintiff Cliff DeTemple ("DeTemple"), doing business as Turning Point Systems Group ("TPSG"), filed the instant action against defendant Leica Geosystems, Inc. ("Leica") alleging claims for violations of the Wisconsin Fair Dealership Law ("WFDL") and breach of contract. Leica filed a motion to dismiss the WFDL claim as time-barred pursuant to Federal Rule of Civil Procedure 12(b)(6) and to dismiss all claims for improper venue pursuant to Rule 12(b)(3). The motion is fully briefed and is now before the court for decision.

## BACKGROUND

This case arises out of a prior business relationship between DeTemple's Wisconsin-based business, TPSG, and Leica, a Georgia-based provider of survey and construction products for customers in the survey industry. Leica and TPSG entered into a number of agreements whereby TPSG sold and serviced Leica products in over fifty counties in Wisconsin. However, Leica eventually sought to

end its relationship with TPSG.  On September 29, 2006, Leica notified TPSG by letter that it was terminating both the Distribution Agreement and the Service Agreement between the two businesses.  Leica terminated the contracts three months later, effective December 28, 2006. (Am. Comp. ¶¶ 3, 4, 8-10, Exs. A and B).  DeTemple objected to this termination as violating the WFDL and filed suit over a year later, on March 28, 2008.  DeTemple subsequently filed an amended complaint on January 15, 2009, adding two claims for breach of contract.

## LEGAL STANDARD

Leica moves for dismissal of Count I of DeTemple's amended complaint, which alleges violations of the WFDL, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) allows the court to dismiss an action that "fails to state a claim upon which relief can be granted."  When a court decides a Rule 12(b)(6) motion, it takes all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *Pugh v. Tribune Co.*, 521 F.3d 686, 693 (7th Cir. 2008).  A Rule 12(b)(6) motion may appropriately include a statute of limitations affirmative defense, though the defense is not normally a part of such motions. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008).  The court may consider a statute of limitations defense in a Rule 12(b)(6) motion when the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is

-2-

untimely under the governing statute of limitations." *Id.* (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

Leica also moves for the dismissal of all counts pursuant to Federal Rule of Civil Procedure 12(b)(3) based on improper venue because its agreements include a forum selection clause. A party may appropriately bring a challenge to venue based upon a forum selection clause as a Rule 12(b)(3) motion. *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 761 (7th Cir. 2006). In considering a Rule 12(b)(3) motion, the court resolves all factual conflicts and draws all reasonable inferences in favor of the plaintiff. *Rotec Industries, Inc. v. Aecon Group, Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006). However, a plaintiff faced with a motion to dismiss for improper venue bears the burden of establishing that the venue it has chosen is proper. *Id.*

## ANALYSIS

Leica moves to dismiss DeTemple's WFDL claim as time-barred under the applicable one year statute of limitations. In addition, and in the alternative, Leica moves to dismiss DeTemple's WFDL and breach of contract claims for improper venue based on a forum selection clause naming the United States District Court for the Northern District of Georgia or any Georgia state court sitting in Atlanta as the venue for claims arising from the parties' Distribution and Service Agreements. For the reasons stated below, the court will grant Leica's motion and dismiss all claims.

-3-

## I.    Motion to Dismiss Based on Statute of Limitations

Leica asks the court to dismiss DeTemple's WFDL claims as time-barred under the WFDL's one-year statute of limitations.  The WFDL is a state statute providing specific protection to dealers by requiring grantors to have good cause in order to "terminate, cancel, fail to renew or substantially change the competitive circumstances of a dealership agreement." Wis. Stat. § 135.03.  The statute provides further protection by requiring a grantor to provide 90 days' written notice prior to terminating a dealer, as well as requiring that the grantor state the reason for the termination and provide 60 days to cure the identified deficiencies. Wis. Stat. § 135.04.  Dealers may bring civil claims under the statute for damages sustained as a consequence of a grantor's violation of the WFDL. Wis. Stat. § 135.06.

Claims under the WFDL must be "commenced within one year after the cause of action accrues or be barred." Wis. Stat. § 893.93(3)(b).  A WFDL action accrues and the one year statute of limitations starts running on the date that the dealer receives the written notice of termination. *Les Moise, Inc. v. Rossignol Ski Co.*, 122 Wis. 2d 51, 54, 361 N.W.2d 653, 654 (1985).  In the instant case, the parties agree that DeTemple received Leica's Notice of Termination letter on September 29, 2006, triggering the statute of limitations.  However, the parties disagree on whether the one-year statute of limitations had already run when DeTemple filed his complaint alleging a WFDL claim on March 28, 2008.

-4-

DeTemple filed this action eighteen months after the statute of limitations began to run. Without a tolling of the one-year statute of limitations period, DeTemple's claim would be undeniably time-barred. However, DeTemple argues that a tolling of the period occurred due to his active military duty with the United States Coast Guard between March 29, 2007, and September 23, 2007. (DeTemple Aff. ¶¶ 3, 4, Docket #21, Attachment #1). DeTemple asserts that this active duty period tolls the statute of limitations under the Servicemembers Civil Relief Act and Wisconsin Statute 893.21 and renders his claim timely filed.

Though Leica acknowledges a tolling of the statute of limitations during DeTemple's active military duty, it disagrees that the statute of limitations period was tolled long enough to render DeTemple's claim timely filed. Instead, Leica asserts that DeTemple filed his action four days beyond the expiration of the period. Leica calculates that DeTemple's active duty extends the statute of limitations period only until March 24, 2008, short of the March 28, 2008 filing date of DeTemple's complaint. Further, Leica argues that the Servicemembers Civil Relief Act and Wisconsin Statute 893.21 do not apply in the instant case because the lawsuit was initiated by a business, TPSG, comprised of other principals in addition to DeTemple.

The court finds that DeTemple's WFDL claim is time-barred, despite the tolling of the statute of limitations for the period of DeTemple's active duty. DeTemple asserts that his period of active duty totaled 180 days, thus, the court will treat this

representation as true for purposes of the motion to dismiss and use it in calculating the appropriate statute of limitations.[1] (Pl.'s Resp. Br. 5). The statute of limitations period began to run following DeTemple's receipt of Leica's termination letter on September 29, 2006, and ran until DeTemple's active duty began on March 29, 2007. However, the period was interrupted and tolled for 180 days - the length of DeTemple's active duty with the Coast Guard. Therefore, to calculate the effective end date of the statute of limitations period, the court will simply count 180 days beyond DeTemple's September 23, 2007, return from active duty. Applying this calculation, the court arrives at an end date of March 22, 2008, a Saturday.[2] Under Federal Rule of Civil Procedure 6, when the last date of the period falls on a weekend, the period runs until the "end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible." Fed. R. Civ. P. 6(a)(3). Therefore, the statute of limitations period on DeTemple's WFDL claim expired on Monday, March 24, 2008. This end date precedes DeTemple's March 28, 2008 filing and renders his claim untimely. Accordingly, the court will dismiss his WFDL claims, comprising Count I of the amended complaint, as time-barred under the applicable statute of limitations. *See Portillo v. Zebra Techs.* Corp., 154 Fed. Appx. 505, 507 (7th Cir. 2005) (affirming dismissal of case as time-barred due to

---

[1]The court notes that DeTemple's active duty period, March 29, 2007, up to and including September 23, 2007, actually totals 179 days.

[2]The court began its calculation from September 24, 2007, instead of the end date of DeTemple's active duty, September 23, 2007, because the "day of the act, event, or default that begins the period" is excluded under Federal Rule of Civil Procedure 6(a)(1).

-6-

plaintiff's filing of Title VII complaint one day after statute of limitations expired); *see also Hammill v. Rickel Mfg. Corp.*, 719 F.2d 252, 256 (7th Cir. 1983) (affirming district court dismissal of WFDL claim as barred by the statute of limitations because it was brought more than one year after the running of the statute of limitations).

## II. Motion to Dismiss Based on Improper Venue

Leica also moves to dismiss DeTemple's remaining claims for breach of contract due to improper venue, based on the forum selection clauses appearing in its Distribution and Service Agreements. The respective clauses name the United States District Court for the Northern District of Georgia or any Georgia state court sitting in Atlanta as the appropriate forum "for the purposes of all legal proceedings arising out or relating to this agreement." (Am. Compl. Ex. A § 17.1, Ex. B § 18.1). In response, DeTemple argues that the forum selection clauses are unenforceable because they are unreasonable, unjust, and violate public policy.

Similar to any other contract provision, forum selection clauses are enforced absent a compelling reason not to do so, such as fraud or overreaching. *See Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992). DeTemple concedes that forum selection clauses are presumptively enforceable under federal and Wisconsin state law, and argues only that the particular circumstances under which a forum selection clause may be set aside exist in the instant case. (Pl.'s Opp. Br. 6). A forum selection clause may be set aside if it is unreasonable, unjust, or if its enforcement violates a strong public policy. *M/S*

-7-

*Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15-20 (1972). DeTemple argues that each of these circumstances apply and that the forum selection clauses in its contracts are, therefore, unenforceable.

DeTemple first asserts that the forum selection clause is unreasonable and unjust because there was unequal bargaining power between the parties in forming the contracts. DeTemple may be right in arguing that grantors have inherently superior bargaining power in negotiating dealerships. However, if perfect equality of bargaining power was necessary for a valid forum selection clause, the court surmises that few would ever be enforceable. The existence of some inequality in bargaining power between contracting parties does not render the forum selection clause automatically unreasonable or unjust. The United States Supreme Court's decision in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), is illustrative on this point. In *Carnival Cruise Lines*, the court held that a forum selection clause appearing within a form contract provision printed on a cruise ticket purchase contract was enforceable. *Id.* at 587-88. The ticket purchaser had no bargaining power regarding the contract other than the choice not to purchase the ticket. Thus, the court did not find that a mere difference in respective bargaining power renders a forum selection clause inherently unreasonable or unjust.

Further, the identities of the parties in the instant case do not render the forum selection clause unjust, irrespective of DeTemple's arguments to the contrary. In *Carnival Cruise Lines*, the court found the forum selection clause to be enforceable

despite the fact that the parties to the contract were a single private consumer and a major cruise line. 499 U.S. at 587-88. The court's determination that this significant inequality of bargaining power between an individual and a business did not give rise to an unjust forum selection clause, undermines DeTemple's argument that unjust inequality between two businesses, TPSG and Leica, renders the forum selection clause in their contracts unreasonable. Indeed, a contract between two businesses is less susceptible to unjust differences in bargaining power than a contract between an individual consumer and a business. *See IFC Credit Corp. v. Aliano Bros. Gen Contractors, Inc.*, 437 F.3d 606, 610 (7th Cir. 2006) ("We take [the *Carnival Cruise Lines* opinion language] to mean that even in a contract between a business firm and a consumer, but *a fortiori* in a contract between two business firms, a forum selection clause is enforceable to the same extent as the usual terms of a contract, which mainly means unless it was procured by fraud or related misconduct.").

Similarly, the fact that TPSG and Leica did not specifically negotiate the forum selection clause does not render it unjust or unreasonable. The consumer in *Carnival Cruise Lines* certainly did not bargain over the forum selection clause in the purchase contract. Indeed, the cruise line did not even know the identity of the plaintiff when it generated the form contract language. The Seventh Circuit has referred to this form purchase agreement as a "truly nonnegotiated contract," yet, the clause was found to be enforceable. *Muzumdar*, 438 F.3d at 762. In contrast, there

is evidence of some bargaining between TPSG and Leica over particular provisions in their contracts. The two parties had an ongoing business relationship and specifically negotiated a Distribution Agreement spelling out the Wisconsin counties that were and were not included within the TPSG "contract territory." (Am. Compl., Ex. A 1). The lack of any negotiation between the parties on any portion of the contract in *Carnival Cruise Lines* undermines an argument that the lack of specific negotiation renders the forum selection clause unenforceable here.

DeTemple also asserts that enforcing the forum selection clauses would violate Wisconsin's public policy to protect dealers against unfair treatment by grantors. DeTemple relies on the WFDL to demonstrate this strong public policy and asserts that the court must assume the WFDL applies for purposes of the motion to dismiss. Though the court must draw all reasonable inferences in favor of DeTemple, it need not feign amnesia regarding its previous finding that DeTemple's WFDL claims are time-barred.

Moreover, the survival of DeTemple's WFDL claims is irrelevant because enforcement of the forum selection clause in this case does not violate the underlying purposes of the WFDL. Even if the statutory protections created a timely claim for DeTemple, which they do not, the statute does not require all WFDL claims to be heard in a Wisconsin forum. Indeed, the statute provides that a dealer may bring such a claim in "any court of competent jurisdiction." Wis. Stat. § 135.06. Therefore, enforcing the forum selection clause and requiring DeTemple to bring a

Case 2:08-cv-00281-JPS   Filed 06/24/09   Page 10 of 12   Document 47

WFDL claim in a Georgia court does not violate the public policy simply because Georgian courts may be less "familiar" with the WFDL. This court refuses to determine that courts in Georgia are not courts of "competent jurisdiction" because of relative lack of experience in applying a particular Wisconsin law.[3] Federal courts are routinely called upon to apply the law of other states, particularly in contract cases. Thus, the fact that a forum selection clause locates a decision on a WFDL case in a U.S. court outside the state of Wisconsin does not violate the public policy embodied in the WFDL.[4]

Finally, the instant case does not implicate concerns over the ability of a non-Wisconsin court to interpret and apply the WFDL because DeTemple's WFDL claims are time-barred. DeTemple's remaining claims for breach of contract only implicate contract law, under which forum selection clauses are generally enforceable as contract provisions. *See e.g. IFC Credit Corp.*, 437 F.3d at 610. (stating that the

---

[3]DeTemple argues that the court in *Brio Corporation v. Meccano S.N.*, 2007 U.S. Dist. LEXIS 65713 (E.D. Wis. Sept. 5, 2007), rejected the idea that courts outside of Wisconsin may serve as "courts of competent jurisdiction" for hearing WFDL claims. (Pl.'s Opp. Brief 9). However, the case is distinguishable because the forum selection clause at issue specified that all disputes be resolved in the Commercial Court in Calais, France. 2007 U.S. Dist. LEXIS 65713, at *1. The court stated that other jurisdictions within the United States "can interpret and apply the WFDL," and found that the forum selection clause at issue was unenforceable because its designated forum was a foreign country and because the plaintiff might lose his WFDL protections if forced to litigate his WFDL claims there. *Id.* at *5-6.

[4]DeTemple cites *Cutter v. Scott & Fetzer Co.*, 510 F. Supp. 905 (E.D. Wis. 1981), and *Van's Supply & Equipment, Inc. v. Echo, Inc.*, 711 F. Supp. 497 (E.D. Wis. 1989), for the proposition that the public policy underlying the WFDL is best served if WFDL claims are heard by a Wisconsin court. (Pl.'s Opp. Br. 10). However, both cases have been called into question, either directly or indirectly, by *Carnival Cruise Lines* and more recent caselaw in this circuit. *See Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372 (7th Cir. 1990) (finding forum selection clause enforceable); *see also Sundstrom v. Emerging Vision, Inc.*, 2004 U.S. Dist. LEXIS 3095 (E.D. Wis. Nov. 1, 2004) (dismissing WFDL and breach of contract claims for improper venue based on a forum selection clause and questioning *Cutter* and *Vans Supply & Equipment*). Further, *Cutter* was decided based on the totality of the circumstances and explicitly stated that "I do not presume to hold that a clause of this type will never be upheld when contained in a contract of this nature, nor do I hold that a claim based on the Fair Dealership Law can only be litigated in a Wisconsin court." 510 F. Supp. at 909.

Seventh Circuit's approach "is to treat a forum selection clause basically like any other contractual provision and hence to enforce it unless it is subject to any of the sorts of infirmity, such as fraud or mistake, that justify a court's refusing to enforce a contract."). Therefore, enforcement of the forum selection clause does not violate Wisconsin's public policy regarding protection of dealers.

Accordingly,

**IT IS ORDERED** that Leica's motion to dismiss (Docket #15) be and the same is hereby **GRANTED; Count I** of the amended complaint is hereby **dismissed with prejudice** and **Counts II and III** are hereby **dismissed without prejudice**.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-12-