# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CLIFF DeTEMPLE,
d/b/a TURNING POINT SYSTEMS GROUP

        Plaintiff,

    v.                                                                                             Case No. 08-CV-281

LEICA GEOSYSTEMS, INC.,

        Defendant.

_____

## ORDER

On June 24, 2009, this court entered an order dismissing the claims of plaintiff Cliff DeTemple ("DeTemple"), doing business as Turning Point Systems Group ("TPSG"), alleging violations of the Wisconsin Fair Dealership Law ("WFDL") and breach of contract against defendant Leica Geosystems, Inc. ("Leica"). DeTemple subsequently filed a motion to alter or amend judgment, asserting that the court committed a manifest error of law by considering an affidavit outside of the pleadings in dismissing his claim pursuant to Fed. R. Civ. P. 12(b)(6). After reconsideration, the court will amend its judgment to dismiss DeTemple's WFDL claim without prejudice.

## BACKGROUND

DeTemple's business, TPSG, had a prior business relationship with Leica, whereby TPSG sold and serviced Leica's survey and construction products in certain counties in Wisconsin. (Am. Compl. ¶¶ 5-7; Ex. A). Leica ultimately ended the arrangement, terminating its Distribution and Service Agreements with TPSG. (Id.

at ¶¶ 7-9). Before terminating TPSG, Leica sent a notice dated September 29, 2006, providing TPSG a 60-day period to rectify deficiencies in its performance of the contracts. (Id. at ¶ 10). Leica ultimately terminated the contracts on December 28, 2006. (Id. at ¶¶ 8-9).

DeTemple filed the instant suit alleging that the termination violated the WFDL over a year later, on March 28, 2008. He then filed an amended complaint on January 15, 2009, adding two further claims for breach of contract. (Am. Compl. ¶¶ 29-38). Leica moved to dismiss all three claims, asking the court to dismiss the WFDL claim as time-barred pursuant to Fed. R. Civ. P. 12(b)(6), and to dismiss all claims for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Leica based its improper venue arguments on forum selection clauses appearing in its Distribution and Service Agreements with TPSG.

This court issued an order dismissing all claims on June 24, 2009. The court concluded that Count I of the amended complaint, the WFDL claim, was barred by the applicable statute of limitations and dismissed the claim with prejudice. (Order dated June 24, 2009, at 12, Dk #47). During the period relevant to this action, DeTemple was a member of the United States Coast Guard Reserve. DeTemple spent several months in active military service between Leica's termination of its relationship with TPSG and the filing of his lawsuit, asserting in his complaint that he was "on active duty for a period of six months in the United States military from March 2007 through September 2007." (Am. Compl. ¶ 16). Based on DeTemple's

active military service, the court tolled the otherwise applicable one-year statute of limitations on WFDL claims, pursuant to the Servicemembers Civil Relief Act and Wisconsin statute § 893.21. The court tolled the statute of limitations period for 180 days to account for DeTemple's active military service. (Order at 5-6). However, despite this tolling, the court determined that DeTemple's claim was untimely filed and dismissed the claim with prejudice.

The court also dismissed the remaining claims, Counts II and III of the complaint alleging breach of contract, for improper venue. (Order at 12). The court determined that the forum selection clauses in the Service and Distribution Agreements between TPSG and Leica were enforceable. The clauses name the United States District Court for the Northern District of Georgia or any Georgia state court sitting in Atlanta as the appropriate forum "for the purposes of all legal proceedings arising out or relating to this agreement." (Am. Compl. Ex. A § 17.1, Ex. B § 18.1). Given that the clauses are enforceable, the court determined that venue in the Eastern District of Wisconsin was improper and the court dismissed the claims without prejudice.

DeTemple now brings a Rule 59(e) motion asking the court to amend its judgment regarding Count I, the WFDL claim. However, he does not contest the court's conclusion regarding improper venue or its dismissal of Counts II and III, the breach of contract claims. Instead, DeTemple limits his request for an amendment of the judgment to the court's dismissal of the WFDL claim as time-barred.

-3-

## LEGAL STANDARD

DeTemple moves for an amendment, pursuant to Fed. R. Civ. P. 59(e), of this court's judgment dismissing his WFDL claim with prejudice as time-barred under the applicable statute of limitations. Rule 59(e) allows a district court to alter or amend a judgment if the moving party can "demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). A manifest error of law exists when the court disregarded or misapplied controlling precedent. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Amendment of a judgment under Rule 59(e) enables the court to correct its own errors and avoid unnecessary appellate proceedings. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

## ANALYSIS

DeTemple argues that the court committed a manifest error of law in dismissing his WFDL claim as time-barred. DeTemple asserts that the court wrongly tolled the statute of limitations period for only 180 days, because assertions in his amended complaint indicate that he was on active military duty for a longer period. DeTemple's complaint states that he was on active duty for "six months" from "March 2007 through September 2007." (Am. Compl. ¶ 16). Therefore, DeTemple argues, the court erred because it did not rely solely on this statement in considering the WFDL claim under a Federal Rule of Civil Procedure 12(b)(6) standard.

DeTemple correctly asserts that the court decided the motion to dismiss employing a Rule 12(b)(6) standard.[1] (*See* Order at 2-3). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pleaded allegations as true and draw all inferences in favor of the plaintiff. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). Generally, when a court dismisses a complaint under Rule 12(b)(6), it must not consider materials outside the complaint. *See Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996). If the court considers extrinsic materials, it should convert the motion to dismiss into a motion for summary judgment. *Id.*

The statute of limitations on DeTemple's WFDL claim began to run on September 29, 2006, the date he received Leica's Notice of Termination letter. *See Les Moise, Inc. v. Rossignol Ski Co.*, 122 Wis. 2d 51, 53, 361 N.W.2d 653, 654 (1985). Therefore, he had one year from that date to commence a WFDL action under the applicable statute of limitations. *See* Wis. Stat. § 893.93(3)(b). However, DeTemple argued that his period of active duty military service tolled the statute of limitations period, pursuant to the Servicemembers Civil Relief Act and Wisconsin Statute § 893.21.

Accordingly, in deciding the motion to dismiss DeTemple's WFDL claim as untimely, the court tolled the limitations period based on DeTemple's active military

---

[1] DeTemple asks the court to amend its judgment by looking only within the pleadings and deciding the matter under Rule 12(b)(6). Alternatively, DeTemple asks the court to consider the matter under Rule 56 and consider the supplemental materials that he filed after briefing had concluded. However, the court decided the original motion under Rule 12(b)(6) and now reconsiders the matter under the same standard. Therefore, the court need not address DeTemple's additional arguments.

-5-

duty. (*See* Order at 5-6). The court employed a term of 180 days as the period of DeTemple's active duty, based upon statements in his response brief and attached affidavit.[2] The court then extended the period for filing by 180 days – the tolling period of his active military service – beyond his September 23, 2007, return from active duty. (Id.). Based on this calculation, the court determined that the statute of limitations on DeTemple's WFDL claim expired on March 24, 2008, rendering his March 28, 2008 filing untimely. (Id.).

DeTemple himself provided the "180 day" figure relied upon by the court in its calculation. However, he now asserts that the court should have limited its calculation to the complaint's less precise statements of "six months" of active duty from "March 2007 through September 2007." Regardless of the fact that DeTemple himself provided the information, he correctly asserts that the "180 day" figure does not appear within the four corners of his complaint. Therefore, the court will reconsider the timeliness of his WFDL claim employing only the statements in his pleading.

DeTemple's complaint alleges a time period of active military duty that is imprecise and inconsistent; however, the court must still draw all inferences in his favor. *See Pugh*, 521 F.3d at 692. DeTemple's complaint asserts the following:

> Plaintiff was on active duty for a period of six months in the United States Military from March 2007 through September 2007.

---

[2]DeTemple asserted that he "was on active duty for 180 days during 2007 between the time periods of March 29, 2007 and September 23, 2007." (Pl.'s Opp. Br. 4, Dk #21; DeTemple Aff. ¶ 3).

-6-

(Am. Compl. ¶ 16). However, if the court includes all days beginning with March 1, 2007, and ending with September 30, 2007, this period equals seven months. Therefore, DeTemple could not have served on active military duty from March 1, 2007 through September 30, 2007, and also have served for "six months." The court must credit the assertions made in the complaint, but both portions of DeTemple's statement cannot be simultaneously accepted "as true." Further, DeTemple does not provide specific dates for his duty, so the court cannot rectify the disparity by including only certain days from the months of March or September. However, the court must draw all inferences from the complaint in DeTemple's favor.

There are several interpretations of DeTemple's pleading statement that would allow his WFDL claim to be timely-filed. First, if the court tolls the statute of limitations period to account for active military duty from the first day of March until the last day of September 2007 – as one interpretation of "March 2007 through September 2007" – then the court must extend the filing period by 213 days. This calculation clearly renders DeTemple's claim timely-filed. Second, if the court tolls the statute of limitations period for a period of six months, beginning on March 1, 2007, then the court must extend the filing period by 184 days (counting 31 days in March, 30 days in April, 31 days in May, 30 days in June, 31 days in July, and 31 days in August) or 185 days (if counting September 1, 2007). Further, if the court starts from September 29, 2007, as the end of the one-year limitations period and counts forward 184 days, DeTemple's claim is also timely-filed. Therefore, drawing

-7-

all inferences from DeTemple's complaint in his favor, the court must reverse its earlier finding and conclude that his WFDL claim is timely.

Leica argues that DeTemple's failure to plead particular dates of active military service dooms his WFDL claim because the statement appearing in his complaint is not "well pleaded" under Fed. R. Civ. P. 8 and fails to adequately establish tolling, which is his burden. However, the court will not stretch DeTemple's duty to establish a "short and plain statement" of his claim under Rule 8 to require him to plead specific dates of his military service or to affirmatively plead tolling of the statute of limitations. Rule 8 requires more than mere accusations, but does not require detailed factual allegations. *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 512 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). Nor does it require a plaintiff to plead around affirmative defenses, such as a statute of limitations. *See United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). The court may dismiss a claim under Rule 12(b)(6) based on the statute of limitations, but only when the complaint itself sets forth "everything necessary to satisfy the affirmative defense." *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). DeTemple's complaint does not meet this requirement because the period of active duty he pleads in the complaint sufficiently tolls the statute of limitations period.

After reconsideration, the court finds that DeTemple's WFDL claim is not time-barred under the applicable statute of limitations. However, this does not mean

he may raise the claim before this court. The Eastern District of Wisconsin is not the proper venue for DeTemple's claims because the forum selection clauses in the Distribution and Service Agreements between TPSG and Leica specify that all related legal claims must be filed in Georgia.

This court concluded in its original decision that the forum selection clauses are enforceable, even if DeTemple's WFDL was timely-filed. (Order at 10). The court rejected DeTemple's arguments that the forum selection clauses must be set aside because they are unreasonable, unjust, and violate the strong public policy of protecting dealers embodied in the WFDL. (Id. at 7-11). The court reiterates its unchallenged conclusion that enforcing a forum selection clause requiring a WFDL action to be heard in a Georgia court does not violate public policy. Therefore, the court will dismiss DeTemple's WFDL claim without prejudice pursuant to Fed. R. Civ. P. 12(b)(3).

**CONCLUSION**

The allegations contained within the four corners of DeTemple's complaint are sufficient to protect his WFDL claim against a motion to dismiss due to untimely filing. However, the forum selection clauses appearing in the Distribution and Service Agreements executed between TPSG and Leica require dismissal due to improper venue. The court will grant DeTemple's motion to alter judgment as to the dismissal with prejudice of Count I, his WFDL claim. Instead, the court will dismiss the count without prejudice based on the enforceable forum selection clauses.

-9-

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to alter judgment (Docket #49) be and the same is hereby **GRANTED**; the court vacates that portion of its judgment dismissing Count I with prejudice and **dismisses Count I without prejudice**.

Dated at Milwaukee, Wisconsin, this 29th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge